**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4041

CHARLES EDWARD JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-97-763)

Submitted: September 9, 1999

Decided: September 22, 1999

Before ERVIN,* WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Edward Johnson appeals from his convictions for carjacking, in violation of 18 U.S.C.A. § 2119 (West Supp. 1999); being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1999); and using or carrying a firearm in the commission of a violent crime, in violation of 18 U.S.C. § 924(e) (1994). Johnson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing the sufficiency of evidence to sustain Johnson's firearm convictions and whether the district court properly instructed the jury on the carjacking charge. Counsel asserts that there are no meritorious issues for appeal. Johnson was notified of his right to file an additional brief, but has not done so. The Government elected not to file a responding brief. We affirm.

The evidence discloses that Johnson approached Kathy Francabandiero when she was starting her automobile. When she opened the door to the car, Johnson attempted to force her back into the car. During the struggle, Johnson lifted his shirt, and Francabandiero testified that she saw what appeared to be a gun tucked into the waistband of Johnson's trousers. Francabandiero escaped from the car, and Johnson drove away. Two other witnesses testified that they observed Johnson in possession of a firearm shortly after Johnson stole Francabandiero's car. In addition, the police found a firearm near the site of Johnson's arrest that matched the description given by the eyewitnesses. Viewing the facts in the light most favorable to the Government, we find substantial evidence to support Johnson's convictions. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

Johnson also contends that the court failed to properly instruct the jury on the crime of carjacking, in light of the Supreme Court's decision in Jones v. United States, ___ U.S. ___, 67 U.S.L.W. 4204 (U.S.

2

Mar. 24, 1999) (No. 97-6203). In <u>Jones</u>, the Supreme Court held that § 2119 established three separate offenses, rather than three possible sentences for a single crime. Thus, in order to find a defendant guilty of violating § 2119, the jury must find beyond a reasonable doubt that the perpetrator carjacked either (1) intending to cause death or serious bodily injury (maximum sentence: 15 years), (2) causing serious bodily harm (maximum sentence: 25 years), or (3) causing death (maximum sentence: life in prison or death). <u>See Jones</u>, 67 U.S.L.W. at 4211.

The jury was instructed that they must find that Johnson "intended to cause death or serious bodily harm," and Johnson was sentenced to fifteen years on the carjacking count. Johnson submits that the trial court erred by not instructing the jury regarding the two remaining subsections of § 2119. However, the evidence supported a conviction under only the first subsection, and the court's failure to instruct on more serious offenses carrying longer sentences could not have prejudiced Johnson's defense. Thus, we find no error in the district court's instructions.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm Johnson's convictions and sentences. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

<u>AFFIRMED</u>